[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This action arises out of injuries that the plaintiff, Bertho Anely, sustained as a result of a two car motor vehicle accident on July 23, 1996 in New York state. The plaintiff filed a two count complaint against CT Page 345 the defendant, Allstate Insurance Company. In count one, the plaintiff seeks uninsured motorist benefits pursuant to the insurance contract between the plaintiff and the defendant. In count two, the plaintiff claimed that the defendant violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b et seq.[1] and the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-816 et seq.[2] The plaintiff alleges the following pertinent facts in his complaint. On or about, July 23, 1996, an unidentified motor vehicle collided into the rear of the plaintiffs motor vehicle. The unidentified motor vehicle fled the scene of the accident and to date, neither the owner nor the operator of the motor vehicle have been identified. At the time of the accident, the plaintiff resided in Connecticut and had an automobile policy with the defendant. The plaintiff alleges that the defendant was advised of the plaintiffs intention to seek uninsured motorist benefits under his policy.
Moreover, the plaintiff alleges that three passengers were in his automobile at the time of the accident. The plaintiff purports that the passengers' claims were decided by binding arbitration and said arbitration exhausted the uninsured motorist coverage available under his policy. Finally, the plaintiff alleges that the defendant neither advised or notified him that the claims of the passengers were to be arbitrated until the day of arbitration.
On March 1, 2000, the defendant filed a notice of intent to seek the application of New York law pursuant to Practice Book § 10-3(b). Thereafter, the defendant filed this motion for summary judgment which is premised in part on his contention that New York law applies.
"Practice Book . . . [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Miles v.Foley, 253 Conn. 381, 385-86, 752 A.2d 503 (2000). "A motion for summary judgment is appropriate to resolve a choice of law issue." (Internal quotation marks omitted.) Walton v. Duct Vent Cleaning of America,Inc., Superior Court, judicial district of Middlesex at Middletown, Docket No. 089850 (November 22, 2000, Arena, J.) (29 Conn.L.Rptr. CT Page 346 644); Maldonado v. Lannefranque, Superior Court, judicial district of New Haven at Meriden, Docket No. 257480 (May 27, 1998, Dunnell, J.); Emanuelv. Progressive Northern Ins. Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 393601 (October 1, 1997, Zoarski,J.).
The defendant seeks summary judgment as to count one and two on the ground that New York law applies[3] and the plaintiff has not sustained a "serious injury," as defined by Article 51, § 5102 of the insurance law of the state of New York.[4] As to count two, the defendant contends that the plaintiff has not set forth evidence showing that the defendant has a "general business practice" of settling insurance claims unfairly, as required under CUIPA.
In response, the plaintiff argues that the motion for summary judgment should be denied as to count one because Connecticut law applies, and the plaintiff has suffered "bodily injury," as that term is used in Connecticut's uninsured motorist statute, General Statutes § 38a-336
(a).[5] As to the CUTPA and CUIPA claims, in count two, the plaintiff argues that the defendant did not support its motion for summary judgment with the necessary evidence, as required by Practice Book § 17-45. Furthermore, the plaintiff argues that whether the defendant's insurance practices are unfair is an issue of fact and thus is inappropriate for summary judgment.
For the following reasons, the defendant's motion for summary judgment is denied as to: count one (claim for uninsured motorist benefits) and is granted as to count two (claim of CUTPA and CUIPA violations).
 I. Choice of Law
In the present case, a choice of law question exists because under New York law the plaintiff is legally entitled[6] to uninsured motorist benefits if he shows "serious injury," whereas under Connecticut law he is legally entitled to these benefits if he shows "bodily injury."
"An action to recover under an automobile insurance policy is not an action in tort but, rather, an action in contract. The obligation of[an] insurance carrier providing uninsured motorist coverage as a part of its liability insurance coverage on the automobile of the insured person is a contracual obligation arising under the policy of insurance. . . . Payments made pursuant to an uninsured motorist policy are paid on behalf of the insured, and not on behalf of the financially irresponsible motorist who has caused the insured's injuries." (Citations omitted; emphasis in original; internal quotation marks omitted.) Dodd v.Middlesex Mutual Assurance Co., 242 Conn. 375, 384, 698 A.2d 859
CT Page 347 (1997)[7] "Under our law, the terms of an insurance policy are to be construed according to the: general rules of contract construction." (Internal quotation marks omitted.) Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 381, 713 A.2d 820 (1998).
In Reichhold Chemicals, Inc. v. Hartford Accident Indemnity Co.,243 Conn. 401, 414, 703 A.2d 1132 (1997), the court determined that in resolving choice of law issues in insurance coverage cases, Connecticut courts should use the analysis set forth in §§ 188(3) and 193 of the Restatement (Second) of Conflict of Laws. (1 Restatement (Second), Conflict of Laws) (1971 and Sup. 1988). Several judges of the Superior Court have applied this approach at the trial level to apply contract
choice of law principles when evaluating an uninsured motorist claim brought by a Connecticut resident and arising out of personal injuries incurred in a foreign jurisdiction. See Simpson v. National Union FireIns. Co., Superior Court, judicial district of Hartford, Docket No. 579769 (Sep. 8, 2000, Peck, J.). (28 Conn.L.Rptr. 4); see Bellavita v.Allstate Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327000 (August 12, 1999, Melville, J.) (25 Conn.L.Rptr. 229); see Emanuel v. Progressive Northern Ins. Co., supra, Superior Court, Docket No. 393601; see also U.S.F.G., Co. v.Katrick, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 038014 (April 21, 1992, McGrath, J.).
"Under the framework that [the Connecticut Supreme Court] adopted inReichhold Chemicals, Inc. v. Hartford Accident Indemnity Co., supra,243 Conn. 414, Connecticut's choice of law approach for contracts is the "most significant relationship' test of the Restatement (Second), supra, § 188. The choice of law determination in this case involves an interplay among §§ 193, 188 and 6 of the Restatement (Second), supra. Where there is no choice of law provision in the contract the general rule to be applied is that of § 188.[8]
Section 188, in turn, directs us to other provisions for specific typesof contracts." Reichhold Chemicals, Inc. v. Hartford Accident IndemnityCo., 252 Conn. 774, 781, 750 A.2d 1051 (2000).
"With respect to liability insurance contracts, the starting point is § 193 of the Restatement (Second), supra, which creates a rebuttable presumption in favor of the state where the insured risk is located. In order to overcome this presumption, another state's interest must outweigh those of the state where the insured risk is located and must be sufficiently compelling to trump the § 193 presumption. Section 6(2) of the Restatement (Second), supra, provides the criteria by which that overriding interest should be evaluated. It must be remembered that even if another state has a substantial interest under § 6(2), that interest will not defeat the § 193 presumption unless it is CT Page 348 sufficiently compelling. As [the Connecticut Supreme Court] indicated inReichhold Chemicals, Inc. v. Hartford Accident Indemnity Co., supra,243 Conn. 417, the analysis begins but does not end with § 193."Reichhold Chemicals, Inc. v. Hartford Accident Indemnity Co., supra,252 Conn. 782.
"The validity of a contract of fire, surety or casualty insurance and the rights created thereby are determined by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which event the local law of the other state will be applied." (Internal; quotation marks omitted.) Reichhold Chemicals, Inc. v.Hartford Accident Indemnity Co., supra, 252 Conn. 783; see 1 Restatement (Second), supra, § 193.
"An insured risk, namely the object or activity which is the subject matter of the insurance, has its principal location, in the sense here used, in the state where it will be during at least the major portion of the insurance period . . . [I]n the case of an automobile liability policy, the parties will usually know beforehand where the automobile will be garaged at least during most of the period in question." Bellavita v.Allstate Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327000 (August 12, 1999, Melville, J.) (25 Conn.L.Rptr. 229); see 1 Restatement (Second), supra, § 193, comment (b), p. 611.
"Section 6(2) of the Restatement (Second), [supra] which is applicable to all substantive areas, sets forth seven overarching considerations in determining which state has the most significant relationship: (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied." (Internal, quotation marks omitted.) Reichhold Chemicals, Inc. v. Hartford Accident Indemnity Co., supra, 252 Conn. 783.
"[T]he contacts to be taken into account in applying the principles of § 6 [of the Restatement (Second), supra] to determine the law applicable to an issue include: (a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicil, CT Page 349 residence, nationality, place of incorporation and place of business of the parties." (Internal quotation marks omitted.) Reichhold Chemicals,Inc. v. Hartford Accident Indemnity Co., supra, 252 Conn. 783; see 1 Restatement (Second), supra, § 188(2).
 A.
The Connecticut Supreme Court has stated that a choice of law analysis should begin "by considering, in accordance with § 6(2)(c), whether both New York and . . . have an "interest' in the application of their own . . . law to the insurance policy at issue in this case. In order to make that determination, [a court should]: (1) identify the policies that underlie each state's . . . law; and (2) examine whether those policies would be advanced by the application of the state's . . . law in the' present case. See 1 Restatement (Second), supra, § 6(2)(c)."Reichhold Chemicals, Inc. v. Hartford Accident Indemnity Co., supra,243 Conn. 414.
In Connecticut, the purpose of uninsured motorist coverage as mandated through General Statutes § 38a-336, is to provide "an insured who is injured in an accident the same resource he would have had if the tortfeasor had carried liability insurance equal to the amount of the insured's uninsured motorist coverage." (Internal quotation marks omitted.) Doyle v. Metropolitan Property Casualty Ins. Co., 252 Conn. 79,85, 743 A.2d 156 (1999). It protects "the named insured and other additional insureds from suffering an inadequately compensated injury caused by an accident with an inadequately insured automobile." (Internal quotation marks omitted.) Willoughby v. New Haven, 254 Conn. 404, 436,757 A.2d 1083 (2000). "Such insurance does not grant an injured party an enhanced right of recovery, beyond the recovery that would have been available had the tortfeasor maintained sufficient insurance." Williamsv. State Farm Automobile Ins. Co., supra, 229 Conn. 366-67. Thus, Connecticut has an interest which would be advanced by the application of its law.
The principles of uninsured motorist legislation are no different in New York. Article 51 of the New York statutes, entitled, "The Motor Vehicle Accident Indemnification Corporation Law" provides for the protection of motorists and others involved in accidents caused by uninsured or unidentified motorists, or by stolen or unregistered motor vehicles, or by motor vehicles operated without the permission of the owner. McKinney's Insurance Law § 5101 et seq. "New York [however] has asserted a policy-based interest in limiting the availability of liability coverage." Reichhold Chemicals, Inc. v. Hartford Accident Indemnity Co., supra, 243 Conn. 414. CT Page 350
Moreover, while the purposes of the Connecticut and New York uninsured motorist coverage provisions are similar, the language of the two statutes differ. New York requires a showing of "serious injury" under McKinney Insurance Law § 5102(d),[9] whereas Connecticut requires a showing of "bodily injury" under § 38a-336 (a).[10]
Regarding New York's "serious injury" requirement, "[t]here can be little doubt that the purpose of enacting an objective verbal definition of serious injury was to significantly reduce the number of automobile personal injury accident cases litigated in the courts, and thereby help contain the no-fault premium. . . . The verbal definition provided in the [legislation placed] a reasonable: restriction and further limitation on the right to sue, in order to preserve the valuable benefits of no-fault, at an affordable cost." (Brackets in original; internal quotation marks omitted.) Stillman v. Allstate Ins. Co., Superior Court, judicial district of Litchfield, Docket No. 073062 (June 7, 2000, DiPentima, J.), quoting Licari v. Eliott, 57 N.Y.2d 230, 236,455 N.Y.S.2d 570, 441 N.E.2d 1088 (1982). Connecticut does not have any such policy regarding its standard of "bodily injury" under §38a-336 (a).[11] Thus New York has an "interest" in having its law applied.
Because Connecticut and New York have conflicting interest, the court must determine which state has "the most significant relationship" under § 188 of the Restatement (Second). The five contacts listed in § 188 "are to be evaluated according to their relative importance with respect to the particular issue." Reichhold Chemicals, Inc. v. HartfordAccident Indemnity Co., supra, 243 Conn. 407 n. 9.
The first factor under § 188 is "the place of contracting." 1 Restatement (Second), supra, § 188(a). "[S]tanding alone, the place of contracting is a relatively insignificant contact." (Internal quotation marks omitted.) Bellavita v. Allstate Ins. Co., supra,25 Conn.L.Rptr. 231; see 1 Restatement (Second), supra, § 188, comment (e), pp. 579-80. In this case, the declarations page of the insurance policy states that the policy was issued to the plaintiff at 121 Forest St., Stamford, Connecticut 06902. The plaintiff's Allstate Insurance policy is entitled "Allstate Uninsured/Underinsured Motorists Coverage — Connecticut." For these reasons, this court concludes that Connecticut was the place of contracting for the insurance policy.
The second factor under § 188 is "the place of negotiation of the contract." 1 Restatement (Second), supra, § 188(b). "The place where the parties negotiated and agreed on the terms of their contract is a highly significant contact. A state in which the terms of the contract were formulated has an obvious interest in the conduct of these CT Page 351 negotiations and in the agreement reached." (Emphasis in original.)Bellavita v. Allstate Ins. Co., supra, 25 Conn.L.Rptr. 231; see 1 Restatement (Second), supra, § 188, comment (e), p. 580. Here, for the same reasons that the court found that Connecticut was the place of contracting, the court finds Connecticut was also the place of negotiation.
The third factor under § 188 is "the place of performance." 1 Restatement (Second), supra, § 188(c). "The Restatement does not define the term `place of performance' . . . [T]he Official Comment [to the Restatement] indicates that the same concept as `principal location of the insured risk' is contemplated." Bellavita v. Allstate Ins. Co., supra, 25 Conn.L.Rptr. 231. "In the case [of] automobile insurance . . . the place where the contract is made is deemed to be the place of performance, unless the agreement evidences that a different place was fixed." (Internal quotation marks omitted.) Emanuel v. ProgressiveNorthern Ins. Co., supra, Superior Court, Docket No. 393601. Thus, where an insurance policy is "issued in New Haven, and shows the address of named insured . . . to be New Haven and shows that the automobile insured would be principally garaged, [in New Haven], the conclusion is inescapable that it was intended to have its operative effect in Connecticut and that it must be construed in the light of the Connecticut law. . . ." Whitfield v. Empire Mutual Ins. Co., 167 Conn. 499, 505-06,356 A.2d 139 (1975). This court acknowledges that the police report states that the plaintiff resided in Florida, and that at the time of the accident, the plaintiff still had a Florida driver's license. Moreover, the vehicle was registered in Florida. These facts show that Florida may have an interest in applying its laws. However, this court' concludes that Connecticut was also the place of performance because Connecticut was the place of contracting, and the place of negotiating the contract.
The fourth factor under § 188 is "the principal location of the subject matter of the contract." 1 Restatement (Second), supra, § 188 (d). With regard to this factor, "the Official Comment [of the Restatement] indicates that the same concept as "principal location of the insured risk' is contemplated." QSP, Inc. v. Aetna Casualty SurewCo., Superior Court, judicial district of Danbury, Docket No. 326873 (December 8, 1998, Levin, J.) (23 Conn.L.Rptr. 627, 635), aff'd.,256 Conn. 343, 773 A.2d 906 (2001); see 1 Restatement (Second), supra, § 188, comment (e), pp. 580-81. Here, this court finds that Connecticut was the principal location of the subject matter of the contract because Connecticut was the place of performance.
The fifth factor under § 188 is "the domicil, residence, nationality, place of incorporation and place of business of the CT Page 352 parties." 1 Restatement (Second), supra, § 188(e). "These are all places of enduring relationship to the parties. Their significance depends largely upon the issue involved and upon the extent to which they are grouped with other contacts . . . [T]hat one of the parties is domiciled or does business in a particular state assumes greater importance when combined with other contacts . . . At least with respect to most issues, a corporation's principal place of business is: a more important contact than the place of incorporation . . ." (Internal quotation marks omitted.) QSP, Inc. v. Aetna Casualty Surety Co., supra,23 Conn.L.Rptr. 627; see 1 Restatement (Second), supra, § 188, comment (e), p. 581.
Here, the defendant admitted in its answer that it is an Illinois corporation with a principal place of business in Illinois. It further admitted in its answer that it is authorized and licensed by the state of Connecticut to issue insurance policies. As for the plaintiff, he states in his certified deposition testimony that he was a Connecticut resident at the time of the accident. For these reasons, Connecticut is the domicil of the plaintiff and Connecticut is also a place of business of the defendant.
In this case, the five contacts of § 188 indicate that Connecticut has the most significant interest in the present dispute. Our Supreme Court has adopted the Restatement § 188 general presumption, which provides that "the law of the state in which the bulk of the contracting transactions took place should be applied." (Internal quotation marks omitted.) Reichhold Chemicals, Inc. v. Hartford Accident IndemnityCo., supra, 243 Conn. 414. Moreover, "[i]f the place of negotiating the contract and the place of performance are in the same state, local law of this state will usually be applied ." (Internal quotation marks omitted.) Id., 410-11. Here, that state was Connecticut. Most importantly, the Supreme Court also adopted the Restatement § 193 special presumption for liability insurance contracts, which provides that "the law of the state in which the insured risk is located should be applied." ReichholdChemicals, Inc. v. Hartford Accident Indemnity Co., supra, 243 Conn. 414. Again, that state was Connecticut.
 B
The final step in determining which state has the most significant interest and consequently which state's law to apply is to highlight any of the factors under § 6. See Bellavita v. Allstate Ins. Co., supra,25 Conn.L.Rptr. 231.
"Section 6 factors are choice-influencing factors which a court should consider in choosing: the applicable law." Bellavita v. Allstate Ins.CT Page 353Co., supra, 25 Conn.L.Rptr. 230. The factors are: "(a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied." Reichhold Chemicals, Inc. v.Hartford Accident Indemnity Co., supra, 243 Conn. 409; see 1 Restatement (Second), supra, § 6(2)
"The first factor under § 6(2) is the needs of the interstate and international systems. 1 Restatement (Second), supra, § 6(2)(a). The purpose of this factor is to further harmonious relations between states and to facilitate commercial intercourse between them." Bellavita v.Allstate Ins. Co., supra, 25 Conn.L.Rptr. 231; see 1 Restatement (Second), supra, § 6(b), comment (d), p. 13. "However, concern for the needs of the interstate system does not weigh so heavily here where the defendant insurer has multiple places of business." Id.
The second and third factors, the most important factors to be considered under § 6(2) are the relevant policy interests of the interested states. 1 Restatement (Second), supra, §§ 6(2)(b), 6(2) (c). As discussed previously, both New York and Connecticut have the same policy interests in enacting their respective uninsured motorist statutes. However, New York has an interest in protecting injured parties who are injured by uninsured motorists as long as they are able to show serious injury.[12] In contrast, Connecticut has an interest in protecting injured parties who are injured by uninsured motorists as long as they are able to show bodily injury.[13]
The fourth factor under § 6(2) is the protection of justified expectations. 1 Restatement (Second), supra, § 6(2)(d). "This is an important value in all fields of the law, including choice of 1 law. Generally speaking, it would be unfair and improper to hold a person liable under the local law: of one state when he had justifiably molded his conduct to conform to the requirements of another state." QSP, Inc.v. Aetna Casualty Surety Co., supra, 23 Conn.L.Rptr. 637; see 1 Restatement (Second), supra, § 6, comment (g), p 15. In this case, the Connecticut policy was issued to the plaintiff at his Connecticut residence. This court, therefore, concludes that he would have been justified in expecting that his conduct should conform to the requirements of Connecticut law. Moreover, the plaintiffs insurance policy does not contain a choice of law clause. Accordingly, it is not possible to give effect to the parties' subjective expectations with respect to choice of law. See Reichhold Chemicals, Inc. v. HartfordCT Page 354Accident Indemnity Co., supra, 243 Conn. 421.
The fifth factor to consider under § 6 is the basic policies underlying the particular field of law. 1 Restatement (Second), supra, § 6(2)(e). "This factor appears to be of importance only in situations where the policies of the interested states are largely the same but where there are nevertheless minor differences between their relevant local law rules. In such instances, there is good reason for the court to apply the local law of that state which will best achieve the basic policy, or policies, underlying the particular field of law involved. Id., § 6(e), comment (h), p. 15." Bellavita v. AllstateIns. Co., supra, 25 Conn.L.Rptr. 232. Here, Connecticut and New York have different standards of proof in proving a claim for uninsured motorist benefits. New York requires proof of serious injury[14] and Connecticut requires proof of bodily injury.[15] However, as discussed earlier, the underlying policy behind both the Connecticut and New York uninsured motorist statutes are largely the same. For this reason, the local law of Connecticut should be applied.
The sixth factor to consider under § 6 is the certainty, predictability and uniformity of result. 1 Restatement (Second), supra, § 6(2)(f). "To the extent that predictability and uniformity are attained in choice of law, forum shopping will be discouraged." Bellavitav. Allstate Ins. Co., supra, 25 Conn.L.Rptr. 232. The Supreme Court has cautioned against giving undue weight to this factor. See ReichholdChemicals, Inc. v. Hartford Accident and Indemnity Co., supra,243 Conn. 419 n. 14." More importantly, the Supreme Court has noted that in insurance cases, it "is an illusory goal, not truly achievable or necessarily preferable." Id.
The seventh and final factor to consider under § 6 is the ease in determination and application of law to be applied. 1 Restatement (Second), supra, § 6(2)(g). "[I]t is true that the ease of applying Connecticut law, as opposed to New York law, in a Connecticut court weighs in favor of applying Connecticut law." Bellavita v. Allstate Ins.Co., supra, 25 Conn.L.Rptr. 232.
Applying the seven overarching factors under § 6(2) this court finds that Connecticut law should be applied because the justified expectations of the plaintiff should be protected, the underlying polices of Connecticut's and New York's uninsured motorist statutes are largely the same, and it is easier to apply Connecticut law in a Connecticut court.
After applying the five factors of § 188 and the seven overarching factors of § 6 this court finds that Connecticut has the most CT Page 355 significant interest in the present case. Accordingly, the court denies the defendant's motion for summary judgment as to count one because New York does not have the most significant interest in the dispute at hand and therefore, New York law should not be applied. For this reason, this court need not reach the defendant's arguments as to whether the plaintiff sustained a "serious injury" under New York law.
 II. CUTPA and CUIPA Violations
The plaintiff alleged in count two of his complaint CUTPA and CUIPA violations. He alleges that the defendant's actions of unfairly settling insurance claims "were conducted with such frequency and regularity [so as] to constitute a general business practice." The defendant argues that summary judgment is proper as to this count, because the plaintiff has not set forth evidence showing that the defendant has a "general business practice" of settling insurance claims unfairly as required under CUIPA.[16] In response, the plaintiff contends that summary judgment is not proper for two reasons: (1) the defendant did not meet its burden of supporting its motion for summary judgment with the necessary evidence in accordance with Practice Book §17-45[17] and (2) whether such an insurance practice is unfair is an issue of fact that is inappropriate for the purposes of a summary judgment motion.
"In a CUTPA or CUIPA claim, the insurer's liability is ordinarily based on its conduct in settling or failing to settle the insured's claim and on its claims settlement policies in general. The factual inquiry focuses, not on the nature of the loss and the terms of the insurance contract, but on the conduct of the insurer. . . . In a CUIPA and CUTPA claim, the insurer's duty stems not from the private insurance agreement but from a duty imposed by statute." (Internal quotation marks omitted.)Heyman Associates No. 1 v. Ins. Co. of Pennsylvania., 231 Conn. 756,790, 653 A.2d 122 (1995). Thus, whether an insurance company has violated CUTPA and CUIPA is a proper question of law for the court to decide on summary judgment. See, Id, 791.
CUIPA does not expressly provide a plaintiff with a private right of action. However, the Supreme Court has held that a private right of action does exist under CUTPA to enforce unfair insurance practices under CUIPA. Mead v. Burns, 199 Conn. 651, 663, 509 A.2d 11 (1986). "In so holding, [the Supreme Court] observed that a CUTPA claim based on the public policy embodied in CUIPA must be consistent with the regulatory principles established therein, and that "[t]he definition of unacceptable insurer conduct in [38a-816 (6)] reflects the legislative determination that isolated instances of unfair insurance settlement practices are not so violative of the public policy of this state as to warrant statutory CT Page 356 intervention." (Internal quotation marks omitted.) Lees v. MiddlesexIns. Co., 229 Conn. 842, 850-51, 643 A.2d 1282 (1994).
It is the plaintiffs burden to produce the evidence necessary to support the proposition that the defendant has a "general business practice" of settling claims unfairly. See Pools By Al v. Peerless Ins.Co., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 062224 (May 12, 2000, Grogins, J.) (plaintiffs conclusory allegation that defendant insurance company had general business practice of unfairly settling insurance claims was insufficient to support a cause of action under CUIPA and summary judgment was therefore proper); ShemitzLighting, Inc. v. Hartford Fire Ins. Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 052970 (November 9, 2000, Sequino, J.) (28 Conn.L.Rptr. 533) (defendant's motion for summary judgment granted in part because plaintiff failed to carry its burden of producing evidence to show a "general business practice."); TSand G Equipment, LLC v. Lumbermen's Mutual Casualty Co., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 155821 (August 19, 1999, D'Andrea, J.) (defendant's motion to strike granted because the plaintiffs allegations did not amount to allegations of conduct occurring with such frequency as to indicate a general business practice).
Moreover, "[t]he court may [not] presume that . . . [the defendant] treats other similarly situated insureds the same." (Brackets in original; ellipses in original; internal quotation marks omitted.)Shemitz Lighting, Inc. v. Hartford Fire Ins. Co., supra,28 Conn.L.Rptr. 533;Webster Bank v. Travelers Casualty Surety, Co. Superior Court, judicial district of New Britain, Docket No. 476078 (April 30, 1999,Graham, J.) (24 Conn.L.Rptr. 530, 534).
Here, the plaintiff has not presented any evidence which substantiates the allegation that the defendant's alleged unfair claim settlement practices constitute a "general business practice" under: CUIPA. He merely states in his complaint that the defendant's actions "were conducted with such frequency and regularity [so as] to constitute a general business practice." This court will not assume, based on the plaintiffs complaint, that the defendant has unfairly settled other claims by arbitration without notifying the policyholder. Consequently, this court finds that the plaintiff has not carried his burden of showing a general business practice.
Furthermore, one cannot maintain a CUTPA claim against an insurer absent an underlying CUIPA claim, and therefore, the plaintiffs CUTPA claim fails as well. In Lees, the Supreme Court stated that "[b]ecause the plaintiffs evidence was insufficient to satisfy the requirement under CT Page 357 CUIPA that the defendant's alleged unfair claim settlement practices constituted a "general business practice,' the plaintiffs CUTPA claim could not survive the failure of her CUIPA claim. Accordingly, the trial court properly rendered summary judgment for the defendant on the CUTPA count." Id., supra, 229 Conn. 851.
Accordingly, the court concludes that, because the plaintiff has failed to produce the evidence necessary for his CUIPA claim and consequently his CUTPA claim, the defendant's motion for summary judgment is granted as to count two.
 III. Conclusion
The defendant's motion for summary judgment as to count one is denied because there is a genuine issue of material fact as to whether the plaintiff is entitled to uninsured motorist benefits under Connecticut law. The defendant's motion for summary judgment as to count two is granted because there is no genuine issue of material fact as to whether the defendant's conduct constituted a "general business practice" under CUTPA and/or CUIPA and the defendant is entitled to judgment as a matter of law.
So Ordered.
D'ANDREA, J.T.R